JASEN, J.
(concurring). I concur in the result reached by the court today solely because I am impelled to do so by the clear wording of the Constitution. Section 7 of article VII of the Constitution states that “[n]o money shall ever be paid out of the state treasury or any of its funds, or any of the funds under its management, except in pursuance of an appropriation by law”. (Emphasis added.) Although the Constitution does not define the term “treasury”, it provides us with a clear direction that all funds under the “management” of the treasury be appropriated by the Legislature. Whatever doubt there may be as to the abstract limits of the treasury itself, there is no doubt whatever as to how it is “managed”. It is “managed” jointly by the Comptroller and the Commissioner of Taxation and Finance. (State Finance Law, § 7.) The funds in issue here are under the same “management”. That the source of these *369 funds is the Federal Government cannot change this essential fact. Nothing in the record before the court has persuaded me that the Federal funds held within the so-called “joint custody accounts” are not, at the very least, funds under the management of the treasury. Hence, I can only conclude that the Constitution requires legislative appropriation of such funds.
The dissenters suggest that to allow the definition of the term “treasury” to turn upon the acts of the Comptroller, in placing the funds in issue into joint custody accounts, is to sanction an “illogical result” (dissenting opn, at p 371), stating that the task of defining this term should be reserved to the members of this court. The dissent then proceeds, however, not to define the term treasury, but, rather, to state that the bounds of the New York State Treasury are to be implicitly drawn by the Congress of the United States. If the Congress impresses its grant of funds to the State with express conditions, say the dissenters, the funds, upon arrival in New York, are without the treasury. If, on the other hand, no such conditions are imposed by the Congress, the treasury may be expanded to include them. If the position of the dissenters is premised on a desire to prevent a “day to day” variance in the meaning of the term treasury, I fail to see how linking that term to the whim of the Congress is any less illogical than linking it to the practice of the State Comptroller. In either case, the definition of the term remains fluid and, for that matter, without express limitation prescribed by this court.
It would seem to me far preferable to take the Constitution at its word that funds under the management of the treasury are to be appropriated by the Legislature. It is, of course, true that the term “management”, as well as the term “treasury”, is undefined by the Constitution. However, inasmuch as there is no doubt whatever as to how the funds within the treasury are managed, it takes no great imagination to conclude that funds held and disbursed in precisely the same way as the treasury and by the same officers are funds under the management of the treasury within the meaning of the Constitution. If the phrase “funds under its management” is not to be so defined, it is difficult, *370 indeed, to understand what the framers of the Constitution meant by the use of those words. In short, I would prefer to ascribe to the term “management” its plain meaning based upon current practice and would resist the temptation to imbue the term “treasury” with a strained definition which varies according to the source of the funds in issue. Hence, I cast my vote for reversal.
Although I must vote for reversal, I should point out that I do not agree with the members of the plurality that principles of “governmental accountability” or “separation of powers” compel the result reached by the court. Rather, the express wording of the Constitution requires it and this expression of organic law is binding upon this court.
Finally, I must also emphasize that we need not reach and do not decide whether “off budget” funds may be created by future legislative or executive action.